# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL TROICE, | § | |
| MARTHA DIAZ, | § | |
| PAULA GILLY-FLORES, | § | |
| PUNGA PUNGA FINANCIAL, LTD., | § | |
| MANUEL CANABAL, | § | |
| DANIEL GOMEZ FERREIRO, and | § | |
| PROMOTORA VILLA MARINO, C.A. | § | |
| individually and on behalf of a class | § | |
| of all others similarly situated | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:09-cv-01274-N |
| | § | |
| WILLIS OF COLORADO INC., | § | |
| WILLIS LTD., | § | |
| WILLIS GROUP HOLDINGS LTD., | § | |
| AMY S. BARANOUCKY, | § | |
| ROBERT S. WINTER, and | § | |
| BOWEN, MICLETTE & BRITT, INC. | § | |
| | § | |
| Defendants. | | |

## WILLIS'S RESPONSE TO PLAINTIFFS' MOTION TO DEFER RESOLUTION OF MOTIONS TO DISMISS, TO COMPEL RULE 26(f) CONFERENCE AND FOR ENTRY OF SCHEDULING ORDER

Defendants Willis of Colorado, Inc. and Willis Limited (together, Willis) respectfully submit this response to Plaintiffs' Motion to Defer Resolution of Motions to Dismiss, to Compel Rule 26(f) Conference and for Entry of Scheduling Order (the Motion).

## PRELIMINARY STATEMENT

Remarkably, plaintiffs argue that Rule 12(i) of the Federal Rules of Civil Procedure entitles them to evade the motion to dismiss phase of civil litigation in its entirety. That argument is utterly frivolous. There is not a single instance in the history of federal civil practice where Rule 12(i) has been so used. Plaintiffs understandably would prefer to avoid Court consideration of a meritorious dispositive motion, but there is absolutely no basis for their Motion and this Court should proceed to rule on Willis's long-pending motion to dismiss.

Putting aside the lack of any legal basis for the relief plaintiffs seek, their Motion also tramples on five years of *agreement* by them that they would be subject to a motion to dismiss. Specifically, plaintiffs have (i) repeatedly stipulated to briefing schedules (and *extensions* of those briefing schedules) with respect to motions to dismiss their many complaints, (ii) represented to this Court, that its first order of business should be the disposition of those dispositive motions, and (iii) responded to every one of the legal arguments for dismissal that defendants have advanced, all but one of which are still undecided. It is unfair and prejudicial for plaintiffs to agree for five years to be subject to a Rule 12(b)(6) motion in the normal course and then, suddenly, ask the Court to relieve them of those agreements.

Moreover, plaintiffs complain about "delay" and the fact that almost five years into this case we are still at a relatively nascent stage. But plaintiffs never complained about delay when they amended their own complaints again and again over many years—*including once after Willis had already filed a motion to dismiss*. Plaintiffs never complained about delay when they joined the Stanford

Receiver in filing a brand new action just a few months ago. [1] And plaintiffs do not even accuse Willis of having created any delay. To the contrary, Willis has done nothing but timely respond to each and every one of plaintiffs' complaints, including by filing dispositive motions.

Plaintiffs' complaints have always been based on fragile foundations. Willis was nothing to Stanford but its commercial insurance broker—one of hundreds of vendors, if not more, that Stanford used that, by definition, did not stand in a special position of knowledge, trust or confidence with Stanford. The insurance that Willis procured for Stanford was typical, plain vanilla coverage that had nothing to do with the certificates of deposit in which plaintiffs invested. Plaintiffs concede that Willis knew nothing of the Stanford fraud (*see* Compl. ¶¶ 91, 173, 177, 199), and the U.S. Court of Appeals for the Fifth Circuit has since confirmed that that fraud was *not* known and could *not* have been discovered by outsiders, like Willis, absent "an expert's examination of the corporation's books and records." *Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185, 196-97 (5th Cir. 2013).

It is against this backdrop—weak claims, confronted by a strong motion to dismiss with a high likelihood of success—that plaintiffs ask this Court to postpone any ruling on dismissal. But the result would be protracted discovery into baseless claims, the adequacy of which has not been tested before the Court, with the apparent goal of coercing a settlement—precisely what the motion to dismiss mechanism is designed to prevent. As the U.S. Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007):

> [I]t is self-evident that the problem of discovery abuse cannot be solved by careful scrutiny of evidence at the summary judgment stage, much less lucid instructions to

---

[1]    *See Janvey, et al. v. Willis of Colo., Inc., et al.*, No. 3:13-cv-03980-D (N.D. Tex.). On March 25, 2014, the parties in this and the *Janvey* actions—at the plaintiffs' request—stipulated to the consolidation of the two actions under Fed. R. Civ. P. 42(a) [Dkt. No. 180], and, on March 31, 2014, the Court entered an order to that effect [Dkt. No. 181]. Given the recent filing of the *Janvey* action, its consolidation with this action, and the parties' separate stipulation there to a motion to dismiss briefing schedule [*Janvey* Dkt. No. 18] that is now in midstream, plaintiffs are hard pressed to complain of any "delay" in these proceedings. *See* p. 10, *infra*.

juries; the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings. Probably, then, it is only by taking care to require allegations that reach the [requisite threshold] level . . . that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence to support [the plaintiffs'] claim.

*Id.* at 559 (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, *but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions*") (emphasis added). Willis is entitled to have its motion decided now and to have this case put behind it once and for all.[2]

# I.     ARGUMENT AND AUTHORITIES

## I.     PLAINTIFFS' MOTION SHOULD BE DENIED

### A.     Plaintiffs' Motion Turns Rule 12(i) On Its Head And Writes Rule 12(b)(6) Completely Out Of The Rulebook.

A search for references to Rule 12(b)(6) within reported federal court cases renders tens of thousands of decisions. In none of them did a plaintiff attempt to use—much less succeed in using—Rule 12(i) (or its predecessor, Rule 12(d))[3] to defer a Rule 12(b)(6) motion until after the completion of all discovery. This, of course, is not surprising, given that Rule 12(i) serves an entirely *different* purpose—one that inures to the benefit of *all* parties and the courts "*by targeting early resolution of threshold issues.*" *Rivera-Gomez v. de Castro*, 900 F.2d 1, 2 (1st Cir. 1990) (emphasis added).

Specifically, Rule 12(i) authorizes a court, *sua sponte* or upon motion, to conduct a preliminary hearing to consider and decide before trial a motion raising any defense listed in Rules

---

[2]     As indicated in our letter to the Court dated March 6, 2014 [Dkt. No. 177], because Willis's motion to dismiss has been fully briefed since July 2011, Willis intends to request that the Court enter a briefing schedule to permit the submission of updated briefs to address, among other things, subsequent developments in the law.

[3]     As a result of the 2007 stylized amendments to the Federal Rules, the old subdivision (d), titled "Preliminary Hearings," now appears in the new subdivision (i). But this change was stylistic only and had no substantive effect on the operation of the rules. *See Bingue v. Prunchak*, 512 F.3d 1169, 1172 n.4 (9th Cir. 2008).

12(b)(1)-(7) or 12(c) as a means of "conserv[ing] time, expense, and scarce judicial resources." *Id.*; *see also Cameron v. Children's Hosp. Med. Ctr.*, 131 F.3d 1167, 1171 (6th Cir. 1997) (same); *Beltre v. Lititz Healthcare Staffing Solutions LLC*, 757 F. Supp. 2d 373, 376 (S.D.N.Y. 2010) (same). Thus, Rule 12(i), when applied properly, lessens the "burdens of defending a claim challenged on legitimate grounds as insubstantial or frivolous for any longer than the minimum time reasonably necessary to ascertain whether sufficient basis exists to warrant allowing the action to proceed." *Kregler v. City of N.Y.*, 646 F. Supp. 2d 570, 576 (S.D.N.Y. 2009), *vacated and remanded on other grounds*, 375 Fed. App'x 143 (2d Cir. 2010). To that end, and in stark contrast to what plaintiffs are trying to accomplish here, courts have ordered preliminary hearings under Rule 12(i) to "*minimize additional motion practice*" and "*avert potentially unnecessary extensive discovery.*" *Id.* at 475 (emphasis added); *see also id.* (noting that such hearings may be designed to "achieve the amplification of factual allegations" sometimes necessary for courts to properly rule on motions to dismiss).

Alternatively, courts have exercised their discretion under Rule 12(i) to defer ruling on a motion to dismiss until the summary judgment stage or trial where further factual development is necessary to make an accurate determination of whether the claims should be dismissed. *See, e.g., Flue-Cured Tobacco Co-op. Stabilization Corp. v. U.S. E.P.A.*, 857 F. Supp. 1137, 1145 (M.D.N.C. 1994) (cited by plaintiffs (*see* Motion at 4-5)). But even in those circumstances, the courts *consider and render a decision on*—and do *not*, as plaintiffs request of this Court, simply *overlook*—the motions to dismiss, concluding that particular issues or arguments could benefit from further factual development. Even then, when the motions present such issues or arguments (which could benefit from a more fully developed record), *as well as defenses that can be decided as a matter of law*, courts defer ruling *only* on the former and *not* the latter. *See, e.g., Calip v. Concentra Health Serv., Inc.,* Civil No. 3:08-CV-2104-O, 2010 WL 637800, at *3 (N.D. Tex. Feb. 22, 2010) (cited by plaintiffs (*see* Motion at 4)) (deferring ruling on statute of limitations defense to Section 1985 claim and common-law claims, but deciding remainder

of motion); *Duke Univ. v. Massey Energy Co.*, No. 1:08CV591, 2009 WL 4823361, at *2 (M.D.N.C. Dec. 9, 2009) (cited by plaintiffs (*see* Motion at 4)) (deferring ruling on motion to dismiss breach of contract claim, but deciding motion to dismiss for lack of personal jurisdiction).

Accordingly, plaintiffs' Motion turns Rule 12(i) on its head. Indeed, as indicated above, a principal purpose of Rule 12(i) is to protect against frivolous lawsuits "by targeting *early* resolution of threshold issues," *thereby avoiding costly and protracted discovery*—precisely what plaintiffs are looking to commence immediately. It therefore works in tandem with Rule 12(b)(6) to mitigate the "problem of discovery abuse." *Twombly*, 550 U.S. at 559; *see* pp. 3-4, *supra*.[4] And such mitigation is particularly appropriate and necessary here, given that plaintiffs have filed a spurious complaint that is ripe for dismissal on any number of independent, legal grounds. Yet, according to plaintiffs, all they have to do to avoid that dismissal and force the case into discovery (presumably as a means of coercing Willis into a settlement) is file a motion under Rule 12(i) in conjunction with a motion to compel discovery. This is a tortured and absurd reading of the Federal Rules that cannot be correct. *See, e.g., In re Contractor Tech., Ltd.*, 529 F.3d 313, 320 (5th Cir. 2008) (noting "the common mandate of statutory construction . . . to avoid absurd results"); *see also United States v. Female Juvenile*, 103 F.3d 14, 16-17 (5th Cir. 1996) ("[A]xiomatic in statutory interpretation is the principle that laws should be construed to avoid an absurd or unreasonable result."). Otherwise, *every* plaintiff would file such a motion. None do. Or ever have.

---

[4]       *See also Iqbal*, 556 U.S. at 686 ("We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery. . . . *Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.*") (emphasis added); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) ("[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."); *Wells v. Ocwen Loan Servicing, LLC*, Civ. A. H-13-139, 2013 WL 3338590, at *1 (S.D. Tex. July 2, 2013) ("The district court retains the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."); *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625, 636 (S.D. Tex. 2007) (same), *aff'd sub nom. Bradley v. Phillips Chem. Co.*, 337 Fed. App'x 397 (5th Cir. 2009).

Moreover, plaintiffs' misreading of Rule 12(i), by analogy, also contradicts the "basic precept of statutory construction that [courts] should ... not construe statutes in a way that renders words or clauses superfluous." *United States v. Block*, 635 F.3d 721, 723-24 (5th Cir. 2011) (internal citation omitted). The purpose of Rule 12(b)(6) "is to test the sufficiency of the statement of a claim showing that plaintiff is entitled to relief, *without forcing defendant[s] to be subjected to discovery.*" *Kew v. Bank of Am., N.A.*, CIV.A. H-11-2824, 2012 WL 1414978, at *4 (S.D. Tex. Apr. 23, 2012) (emphasis added). But the Motion, were it to be granted, would effectively and impermissibly write Rule 12(b)(6) out of the Federal Rules entirely by forcing the case into discovery without the Court first testing the sufficiency of plaintiffs' claims—a test those claims would surely fail.

Finally, the cases upon which plaintiffs rely (*see* Motion at 4-5) do little to advance plaintiffs' argument. First, none of them involve a request, as here, for the deferral of a motion to dismiss in its entirety until after the completion of all discovery, much less reflect a court actually *ordering* such a blanket deferral. Rather, in every single one of plaintiffs' cases, the court considered and ruled on at least part of the motion to dismiss. *See Calip,* 2010 WL 637800, at *3 (deferring ruling on statute of limitations defense to Section 1985 claim and common-law claims, but deciding remainder of motion); *Duke Univ.*, 2009 WL 4823361, at *2 (deferring ruling on motion to dismiss breach of contract claim, but deciding motion to dismiss for lack of personal jurisdiction); *see also Slate v. Potter*, No. 1:04CV782, 2005 WL 2429877, at *1–2 (M.D.N.C. Sept. 29, 2005) (considering motion and dismissing claims of several plaintiffs); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 820 (M.D.N.C. 1995) (considering motion and deciding several issues, including fraud and conspiracy); *Flue-Cured*, 857 F. Supp. at 1145 (denying motion as to three of four claims and only deferring part of motion directed to remaining claim).

Second, in plaintiffs' cases, the courts *only* deferred a *portion* of the motions to dismiss because further briefing was required or factual issues were involved. *See Calip*, 2010 WL 637800, at

*3 (deferring decision on statute of limitations defense because defendants did not file reply brief on issue); *Duke Univ.*, 2009 WL 4823361, at *2 (deferring decision on portion of motion relating to contract claim that involved factual questions); *Flue-Cured*, 857 F. Supp. at 1145 (deferring portion of motion relating to due process claim because that "claim can be adjudicated more accurately after the parties have developed the factual record"); *Slate*, 2005 WL 2429877, at *2 (deferring portion of motion that "may be more thoroughly examined and accurately determined on a developed record," including defendant's "argument[ ] . . . relating to untimeliness," which was "based upon a contention that Plaintiff's action herein was filed on August 31, 2004, whereas the Court has determined . . . that the action was effectively 'filed' August 26, 2004"). But, again, in all of them, the courts *considered and rendered a decision on* the motions to dismiss. They did *not* just skip them entirely.

### B.      Plaintiffs' Own Unclean Hands Compel The Denial Of Their Motion.

Even putting aside plaintiffs' misuse of Rule 12(i), the Motion flies in the face of their longstanding commitment to the motion to dismiss process in this case. This includes plaintiffs' *agreement*—over the course of five years—to participate in that process by, among other things, stipulating multiple times to briefing deadlines (as well as requesting, in a number of instances, *extensions* of those deadlines) and urging the Court to rule on the motions as its first order of business.

Case in point: plaintiffs have agreed to and jointly (with defendants) filed no less than *five stipulations* regarding briefing schedules for defendants' motions to dismiss [*see* Dkt. Nos. 21, 27, 32, 69 and 114]. What is more, they have represented to the Court that it should decide those motions *first* and hold all discovery in abeyance in the meantime. For example, during an April 20, 2011 status conference, plaintiffs agreed that the motion to dismiss process should be completed before discovery commences:

The Court:     And in terms of consolidating or doing anything to coordinate discovery, you say, don't worry about that, get through the MTD first and then see where we are.

Mr. Snyder:    That's right, Your Honor.

Apr. 20, 2011 Tr. 11:25-11:4 [Dkt. No. 121].[5] And "get through the MTD" is exactly what plaintiffs did: they filed their response to defendants' motions in early June 2011 [*see* Dkt. No. 135]—*joining issue on each and every one of the legal arguments that defendants advanced*.[6] Having previously stipulated (multiple times) to a motion to dismiss process and schedule, having proposed that discovery be delayed until *after* the motions to dismiss are decided, and having briefed the motions and joined issue on every one of the arguments, plaintiffs should be precluded from seeking the deferral of the motions and a directive by the Court that the parties must instead proceed directly to full-blown merits discovery. In short, plaintiffs should not be permitted to undo five years of agreement by turning face and claiming that now, after all of these years, they are being "deprive[d] of a 'just' and 'speedy' resolution of this case." Motion at 5.

Moreover, in addition to their repeated stipulation to briefing schedules for the motion to dismiss (and repeated requests for extensions to those schedules), plaintiffs have done a number of other things to unnecessarily prolong this case or that otherwise undermine or belie their claims of "delay" (Motion at 5). For example, they have amended their complaint a number of times,

---

[5]       Further, at another status conference held on October 13, 2011, plaintiffs affirmatively recommended staying discovery while this case was on appeal to the Fifth Circuit:

Mr. Snyder:     In the meantime, we—as the Court knows, we've asked the Court to stay the class action lawsuits really for to maintain the status quo and for judicial efficiencies, conservation of resources, let us take up the Roland case and brief it, and then let's get the decision out of the Fifth Circuit, and then we can address the class actions.

Oct. 13, 2011 Tr. 39:11-16 [Case 3:09-md-02099-N-BG, Dkt. No. 24]; *see also* Oct. 19, 2012 Tr. at 16:9-17 [Case 3:09-cv-00298, Dkt. No. 1730] (stating plaintiffs' "position and . . . recommendation that, for now, we defer the issue of scheduling orders, discovery, et cetera, . . . until we get more clarity on where the Supreme Court is going with . . . th[e] petition for cert").

[6]       *Compare, e.g.,* Willis's Br. In Supp. of its Mot. To Dismiss Pls.' Third Am. Compl. [Dkt. No. 125]; *with* Pls.' Br. In Opp'n To Defs.' Mots. To Dismiss Third Am. Compl. [Dkt. No. 138].

**WILLIS'S RESPONSE TO PLAINTIFFS' MOTION TO DEFER
RESOLUTION OF MOTIONS TO DISMISS, TO COMPEL
RULE 26(f) CONFERENCE AND FOR ENTRY OF SCHEDULING ORDER                    PAGE 8**

including once after defendants had already filed motions to dismiss. Plaintiffs never responded to those motions; instead, the parties engaged in several months of jurisdictional discovery (in light of defendant Willis Group Holdings plc's (WGH) motion to dismiss under Fed. R. Civ. P. 12(b)(2))[7] and briefed, also over the course of several months, plaintiffs' motion for leave to file their (now operative) Third Amended Complaint [*see* Dkt. Nos. 54-112]. Ultimately, on March 29, 2011, *more than a year after defendants filed their initial motions to dismiss*, the Court granted plaintiffs' motion for leave [Dkt. No. 113], and plaintiffs filed the Third Amended Complaint a few days later [Dkt. No. 114]. Defendants then renewed their motions to dismiss in early May 2011 [*see* Dkt Nos. 127-29], and, again, plaintiffs filed their response in early June 2011 [*see* Dkt. No. 135].

Indeed, even now, almost five years into this case, plaintiffs are still filing *new* cases, including as recently as late 2013—the *Janvey* action.[8] And, remarkably, as recently as February 11, 2014, just over a month before plaintiffs filed their Motion, the plaintiffs in the *Janvey* action (which include two of plaintiffs here) stipulated to a motion to dismiss briefing schedule [*Janvey,* Dkt. No. 16].[9] That schedule is now underway: the defendants filed their motions to dismiss on February 28, 2014 and the plaintiffs' response is due on April 29, 2014. Then, just two weeks ago, plaintiffs proposed and the parties stipulated to the consolidation of this action and the *Janvey* action [*see* Dkt. No. 180; *Janvey*, Dkt. No. 18], notwithstanding the fact that this action has been pending for almost five years and the *Janvey* action has been pending for only five months.

---

[7]     After several months of jurisdictional discovery, the parties agreed to defer, without prejudice, WGH's motion until after the Court resolved the other defendants' motions to dismiss under Rule 12(b)(6) [*see* Dkt. No. 109], given that those motions, which advanced arguments equally applicable to WGH, could potentially moot WGH's motion.

[8]     On October 1, 2013, plaintiffs filed their original complaint in the *Janvey* action [*Janvey*, Dkt. No. 1]. They then amended it on November 15, 2013 [*Janvey*, Dkt. No. 7].

[9]     The parties' February 11 stipulation amended the motion to dismiss briefing schedule set forth in a stipulation entered into less than three weeks earlier, on January 23, 2014 [*see* Janvey, Dkt No. 15].

Meanwhile, plaintiffs do not even suggest in the Motion that Willis bears any blame for the purported "delay." Nor could they, given that Willis has done nothing but timely respond to plaintiffs' seriatim complaints. Nevertheless Willis still awaits, after two-and-a-half years, a ruling on all but one of the host of legal arguments for dismissal that it has advanced—a ruling that the Motion seeks to postpone indefinitely. In its December 3, 2013 Order in the Stanford MDL [*see* MDL Dkt. No. 174], the Court invited suggestions as to how these cases can proceed most efficiently. Plaintiffs' proposal—just sending this case off into discovery without first testing the legal sufficiency of plaintiffs' claims (and, in turn, narrowing the issues, if any, that are even appropriate for discovery)—only promotes more chaos; it does *nothing* to aid the Court's effort to "utilize limited resources most effectively." *Id.* Only a ruling on the pending motions to dismiss will do that.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Willis respectfully requests that Court deny plaintiffs' frivolous Motion in its entirety and award Willis its costs incurred in responding to the Motion and any further relief to which it is justly entitled.

Dated:  April 9, 2014

Respectfully submitted,

s/T. Ray Guy
T. Ray Guy
State Bar No. 08648500
Sandra Y. Fusco
State Bar No. 24069744

WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201-6950
Telephone:      (214) 746-7700
Facsimile:      (214) 746-7777

OF COUNSEL:
Jonathan D. Polkes
Joshua S. Amsel

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

**ATTORNEYS FOR DEFENDANTS WILLIS OF
COLORADO, INC. AND WILLIS LIMITED**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2014, I electronically transmitted the foregoing document using the ECF system for filing and transmittal of a Notice of Electronic Filing to those parties registered for ECF in this case.

s/ Sandra Y. Fusco
Sandra Y. Fusco