**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Jonathan D. Polkes**
+1 (212) 310-8881
jonathan.polkes@weil.com

April 28, 2014                                                                 BY ECF

The Honorable David C. Godbey
United States District Court
1100 Commerce Street, Room 1358
Dallas, Texas 75242

Re: *Troice, et al. v. Willis of Colorado, Inc., et al.*, No. 3:09-CV-01274-N (N.D. Tex.)

Dear Judge Godbey:

We represent Defendants Willis of Colorado, Inc. and Willis Limited (together, Willis) in the above-referenced matter. We write in response to plaintiffs' Reply in support of their Motion to Defer Resolution of Motions to Dismiss, to Compel Rule 26(f) Conference and For Entry of Scheduling Order [Dkt. No. 188]. Plaintiffs' Reply does an about-face by changing the relief sought and raising issues not presented in plaintiffs' opening motion papers [Dkt. No. 179], which Willis did not have the chance to address in opposing the motion [Dkt. No. 183]. In particular, the Reply effectively abandons plaintiffs' original contention that Fed. R. Civ. P. 12(i) warrants deferring resolution of Willis's long-pending motion to dismiss. Instead, plaintiffs change their motion to one addressing the scope and sequencing of discovery, none of which was raised in plaintiffs' opening motion papers. [*See* Dkt. No. 188 at 5-7.] The Reply also asserts for the first time that class and merits discovery should proceed simultaneously and advances several new, premature, and erroneous legal arguments in favor of class certification. [*See id.* at 7 & n.4 & 5.]

For the reasons set forth in its opposition, Willis should not be subjected to the costs and burdens of *any* discovery unless and until the complaint survives dismissal—which we believe it will not. [*See* Dkt. No. 183 at 3-7.] Further, any discovery in a case as large and complex as this, and with such significant obstacles to class certification (including, without limitation, the inability to establish class-wide reliance on the Willis letters), is routinely bifurcated, with class discovery preceding merits discovery. *See, e.g.*, *In re SCI Texas Funeral Servs., Inc.*, 236 S.W.3d 759, 760 (Tex. 2007) ("In *In re Alford Chevrolet-Geo*, we rejected a blanket rule that all class-wide discovery should be abated until after certification. But we also rejected the opposite rule (full class-wide discovery before certification), *noting the special risk in class actions that one party might seek to improve its bargaining position by heaping massive discovery on the other. Instead, we held the proper rule was for trial courts to limit pre-certification discovery to the particular issues governing certification in each case*, considering factors such as the importance, benefit, burden, expense, and time needed to produce the proposed discovery") (emphasis added); *see also Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 933 (N.D. Ill. 2013) ("[I]n the interest of convenience and judicial economy, bifurcating class certification from merits discovery is appropriate."). By our March 6, 2014 letter to Your Honor [Dkt. No. 177], Willis has requested a status conference to discuss coordination of this and the other "Insurance Letter Cases," all of which are at the pleading stage and

**Weil, Gotshal & Manges LLP**

Page 2

subject to dismissal on numerous, largely overlapping grounds. We respectfully submit that any issues pertaining to discovery should be addressed at a preliminary conference.

Respectfully submitted,

/s/ Jonathan D. Polkes
Jonathan D. Polkes

cc: All counsel of record (by ECF)