UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL TROICE, *et al.*, individually and on behalf of a class of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-01274-N |
| WILLIS OF COLORADO INC., *et al.* | § § § | *In re: Stanford Entities Securities Litigation MDL 2099* |
| Defendants. | § | |

**DEFENDANT BOWEN, MICLETTE & BRITT, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
TO STRIKE PORTIONS OF DEFENDANTS' SURREPLIES**

Plaintiffs' motion to strike is improper and should be rejected. BMB was expressly authorized to file a surreply so that it could respond to plaintiffs' new evidence. Dkt. No. 252. And that is exactly what it did -- BMB filed a short, targeted brief that directly addressed plaintiffs' new evidence and arguments.

By their own admission, plaintiffs submitted new evidence "late in the game." Motion to Strike, at 2 (Dkt. No. 257). They did so without permission and in violation of the class certification scheduling order. With the Court's permission, BMB filed a short surreply. Under these circumstances, the plaintiffs' efforts to parse BMB's rebuttal arguments paragraph by paragraph, and strike any language that offends them, are both ironic and patently unfair.

**BACKGROUND AND INTRODUCTION**

Under the explicit terms of the Class Certification Scheduling Order (Dkt. No. 192), plaintiffs were required to serve all evidence supporting their motion for class certification by no later October 31, 2014. In violation of the Court's order, plaintiffs served the defendants with

1

new evidence on April 16, 2015 – 5 ½ months late.  Moreover, plaintiffs submitted this new evidence *after* the completion of class discovery, and *after* BMB had already served its brief in opposition to plaintiffs' class certification motion.  Plaintiffs' new evidence consisted of declarations from four former Stanford Financial Advisors and the deposition transcript of a former Stanford employee (the "Supplemental Materials").

Rather than moving to strike plaintiffs' new evidence, BMB agreed to file a surreply.  The parties entered into a Stipulation, approved by the Court, stating that "Defendants may file sur-replies … addressing the Supplemental Materials and any arguments Plaintiffs may make regarding or based upon the Supplemental Materials."  Dkt. No. 252.

BMB filed its surreply on June 4, 2015.  Dkt. No. 255.  Plaintiffs have objected to BMB's brief, accusing BMB of submitting a "full-throated, double-barreled blast reply brief[] attacking every aspect of Plaintiffs' case for class certification."  Motion to Strike (Dkt. No. 257), at 2.  This is nonsense, and indeed perplexing.  BMB did not file a lengthy surreply.  To the contrary, it filed a succinct 6 ½ page brief that squarely addressed the Supplemental Materials.

Furthermore, plaintiffs ask the Court to strike certain paragraphs from BMB's brief, but they have identified these paragraphs only in the form of a list, without including any discussion or explanation as to why these particular passages are somehow objectionable.  Dkt. No. 257, at 4.  Thus, plaintiffs' motion is procedurally defective, in addition to being substantively meritless.

**ARGUMENT**

**A.** ***Plaintiffs' Motion Fails to Satisfy the Specificity Requirements of the Local Rules***

The Local Rules require an opposed motion to "be accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and arguments and authorities."  L.R. 7.1(d).  Plaintiffs, however, provide no such information to this Court or to counsel for the Defendants,

but rather offer only the bare assertion that the paragraphs in question should be stricken because they fall outside the scope of the Stipulation. *See* Motion to Strike, at 4 (Dkt. No. 257). For this procedural reason alone, plaintiffs' motion should be denied.

**B.**     ***BMB's Surreply Is Consistent with the Terms of the Stipulation***

Plaintiffs ask the Court to strike the first two paragraphs of Section A, the last paragraph of page 4, and all of page 5 from BMB's surreply. Plaintiffs' requests are meritless (and unsupported by any argument), and they should be rejected in their entirety.

**1.     The First Two Paragraphs of Section A**

According to plaintiffs, Stanford FAs were trained to utilize a uniform sales pitch or "script" that included representations regarding the CDs being insured. Reply at 3, 5-8. In Section A of its surreply, BMB directly addressed the FA declarations and deposition testimony included in plaintiffs' Supplemental Materials. Contrary to plaintiffs' intentions, this supplemental evidence makes clear that Stanford did not uniformly train its financial advisors to represent that the CDs were insured. None of the FA declarants state that they were told during training, or at any other time, to tell investors that the CDs were insured, and Ms. Maldonado testified that SIB's insurance "in no means, represents that the … client's accounts are insured." BMB Surreply, at 3-4.

The first two paragraphs of Section A serve as an introduction to BMB's argument and also corrected an improper legal citation from Plaintiffs' Reply Brief. The citation is directly relevant to the Supplemental Materials and to plaintiffs' arguments concerning Stanford's "uniform" sales pitch. Plaintiffs' newly proffered evidence contradicts their uniformity argument, and BMB's surreply addresses that issue.

## 2. The Last Paragraph of Page 4 and Page 5

Plaintiffs' incorrectly assert in their Motion to Strike that they "filed the Supplemental Materials in support of class certification but made no arguments about or based on [them]." Motion (Dkt. No. 257), at 2. In fact, plaintiffs repeatedly cited these materials to support their allegations about the contents of FA training sessions and materials, sales pitches, and marketing technique. Reply (Dkt. No. 242) at 7-9. BMB's surreply addresses these new arguments, as anticipated by the Stipulation.

On pages 4-5 of the surreply, BMB addresses the plaintiffs' prior case citations in light of the FA declarations included in the Supplemental Materials. In these three paragraphs, BMB draws an important distinction between alleged misrepresentations "that were publicly disseminated into an efficient market" and the verbal statements of individual FAs. BMB's Surreply (Dkt. No. 255), at 4-5.

Under the terms of the Stipulation, BMB is permitted to address the plaintiffs' arguments made in reliance on the Supplemental Materials, including their assertion that Stanford employed a "uniform marketing scheme." As the surreply emphasizes, plaintiffs' arguments are unsupported by the evidence and by case law.

Plaintiffs real concern may be that the Supplemental Materials had the unexpected effect of undercutting many of their arguments. Indeed, plaintiffs' new evidence *contradicts* their contentions that Stanford's financial advisors were trained to misrepresent that the CDs were insured, uniformly made such misrepresentations to investors, or routinely used BMB or Willis insurance letters to support that representation. As BMB emphasized in its surreply, the Supplemental Materials do not establish that Stanford employed a uniform marketing scheme. Dkt. No. 255, at 3-7. Indeed, they prove quite the opposite.

C.   *Plaintiffs' Reply Brief Itself Contains Numerous Newly-Asserted Arguments That Should Be Disregarded*

While Plaintiffs have objected to BMB's surreply, they ignore the fact that their own reply brief contains several newly-asserted arguments. The Court should not consider new arguments raised in a reply brief, unless the non-moving party has been given an adequate opportunity to respond. *Vais Arms, Inc. v. Cais*, 383 F.3d 287, 292 (5th Cir. 2004); *see also Eagle TX I SPE LLC v. Sharif & Munir Enters., Inc.*, No. 3:13-cv-2565-O, 2014 WL 696523, at *1 n. 1 (N.D. Tex. Feb. 24, 2014) (O'Connor, J.) (declining to consider an affidavit attached to defendants' reply because it contained new arguments and because the court has discretion not to consider new arguments/evidence raised in reply briefs); *Digital Generation, Inc. v. Boring*, 869 F.Supp.2d 761, 771 (N.D. Tex. 2012) (Lindsay, J.) (permitting plaintiff to file amended reply brief, but refusing to consider new arguments and evidence set forth therein); *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F.Supp.2d 545, 551 (N.D. Tex. 2006) (Fitzwater, J.) (finding that the plaintiffs "used their reply brief to supplement their motion and add a new basis" to support granting the motion and, therefore, striking the new argument and supporting evidence).

While BMB has being been given an opportunity to respond to plaintiffs' Supplemental Materials, it has not been given a similar opportunity to address the following arguments that were raised for the first time in plaintiffs' Reply:

- **"Plaintiffs may take advantage of the *Affiliated Ute* presumption of reliance." Reply, at 27**. Neither this theory or reliance nor this case were included in Plaintiffs' Motion. Regardless, *Affiliated Ute*—a 1972 case permitting plaintiffs to establish reliance in securities fraud action under § 10(b) in connection with a fraudulent scheme to induce Native Americans to sell their mineral rights below market value—has no application where, as here, plaintiffs contend the omissions were necessary to make other information disclosed not misleading. *Akin v. Q-L Investments, Inc.*, 959 F.2d 521, 529 (5th Cir. 1992); *Krogman v. Sterritt*, 202 F.R.D. 467 (N.D. Tex. 2001). "Nor is the presumption widely applied outside the

5

context of federal securities fraud litigation." *Bordsky v. Match.com, LLP*, No. 3-09-cv-2066-F-BD, 2010 WL 3895513, at *3 (citing *Gyarmathy & Assoc., Inc. v. TIG Ins. Co.*, No. 3–02–CV–1245–N,2003 WL21339279 at *3, n. 6 (N.D. Tex. Jun. 3, 2003)).

- **Plaintiffs' claims are typical because they arise from the same alleged *Ponzi* scheme. Reply, at 10**. In a conclusory fashion, Plaintiffs contend that typicality is established because "Stanford operated a Ponzi scheme," quoting two cases brought by the Stanford Receiver. Putting aside the fact that such finding alone are insufficient to establish typicality, Plaintiffs' Reply is the first time that Plaintiffs have made such assertions.

- **"'[T]he existence of a Ponzi scheme not disclosed to the investors is a 'material omission…sufficient to establish the predominance of common questions.'" Reply, at 29-30 (internal citations omitted).** Plaintiffs are now claiming that predominance is basically presumed if the class claims in any way relate to a Ponzi scheme. Such an argument is illogical, as is Plaintiffs' insinuation that BMB—who admittedly did not and could not have had any knowledge of the Stanford Ponzi scheme—should be liable for failure to disclose such a scheme.

- **"Plaintiffs may also rely on the class-wide presumption of reliance provided by the 'fraud-created-the-market' theory." Reply, at 27-28.** Not to be confused with the "fraud-on-the-market" theory, the "fraud-created-the-market" theory was not discussed in any briefing prior to Plaintiffs' Reply. Nevertheless, Plaintiffs cannot use this theory to establish reliance in connection with the alleged acts of aiders and conspirators like Defendants. As the Fifth Circuit recognized, the application of the fraud-created-the-market theory in the conspiracy context espoused in *Shores* was overruled by *Central Bank*. *See Regents of University of California v. Credit Suisse First Boston (USA), Inc.*, 482 F.3d 372 at 391-92 (5th Cir. 2007).

- **"[T]he exclusion of foreign nationals from this litigation might violate international treaties, such as NAFTA." Reply, at 44**. The Reply is the first time Plaintiffs have argued that not allowing all foreign plaintiffs to participate as class members may constitute a violation of NAFTA or other international treaties. Putting that aside, none of the countries at issue are subject to a treaty that would guarantee their citizens such rights. As opposed to the Treaties of Friendship at issue in the cases cited (with Belgium and Austria, respectively), the trade agreements Plaintiffs reference do not contain language mandating that foreign citizens have identical procedural rights in U.S. courts and no American court has held as such, and to do so would entirely invalidate the necessary res judicata analysis every American court undertakes when foreign plaintiffs attempt to participate in U.S. class actions. *Sgalambo v. McKenzie*, 268 F.R.D. 170, 176 (S.D.N.Y. 2010) (recognizing that the U.S.-Belgian treaty of friendship mandates "full legal and judicial protection" for Party citizens and allowing PSLRA lead plaintiff appointment of a Belgian citizen); *In re Goodyear Tire & Rubber Co.*

*Sec. Lit.*, No. 5:03 CV 2166, 2004 WL 3314943, *5 (N.D. Ohio 2004) (noting, once more, that a treaty of friendship, this time between the U.S. and Austria, "expressly entitled [Austrians] to the same rights and privileges" as U.S. citizens, and allowing PSLRA lead plaintiff appointment of an Austrian company); *Marsden v. Select Medical Corp.*, 246 F.R.D. 480, 486 (E.D. Pa. 2007) (holding that because of the U.S.-Austrian treaty of friendship, Austrian courts would give preclusive effect in Austria and allowing class certification).

## CONCLUSION

For the foregoing reasons, plaintiffs' objections to BMB's surreply should be overruled, and plaintiffs' Motion to Strike should be denied in its entirety.

       Respectfully submitted,

       s/ Bradley W. Foster
       Bradley W. Foster
       State Bar No. 07283200
       Matthew G. Nielsen
       State Bar No. 24032792
       Andrews Kurth LLP
       1717 Main Street, Suite 3700
       Dallas, Texas  75201
       Telephone:  (214) 659-4400
       Facsimile:  (214) 659-4401

       David P. Whittlesey
       State Bar No. 00791920
       Andrews Kurth LLP
       111 Congress Avenue, Suite 1700
       Austin, Texas 78701
       Telephone:  (512) 320-9321
       Facsimile:  (512) 320-9200

       Nicholas J. Lanza
       State Bar No. 11941225
       McCormick, Lanza & McNeel, LLP
       4950 Bissonnet Street
       Bellaire, Texas 77401
       Telephone: (713) 523-0400
       Facsimile: (713) 668-6417

       **ATTORNEYS FOR DEFENDANT**
       **BOWEN, MICLETTE & BRITT, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of July, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case file system sent a "Notice of Electronic Filing" to all counsel of record, each of whom have consented in writing to accept this Notice as service of this document by Electronic means.

                                              s/ Bradley W. Foster